People v Freistat (2025 NY Slip Op 02932)

People v Freistat

2025 NY Slip Op 02932

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2019-04980
 (Ind. No. 1786/17)

[*1]The People of the State of New York, respondent, 
v
Kyle Freistat, also known as Joel Burnett, appellant.

Twyla Carter, New York, NY (Rebecca Martin of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel; Brendan Ransom on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira H. Margulis, J.), rendered April 2, 2019, convicting him of assault in the first degree and resisting arrest, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant validly waived his right to appeal. Although the written waiver of the right to appeal included incorrect statements of the applicable law, the record demonstrates that, under the totality of the circumstances, including the Supreme Court's oral colloquy, the defendant's consultation with counsel, and his age and experience, the defendant had a full appreciation of the terms and consequences of the appeal waiver (see People v Stacker, 206 AD3d 766, 766; People v Yakubov, 204 AD3d 1043, 1044; People v Lawrence, 184 AD3d 587, 587). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence was excessive (see People v Lawrence, 184 AD3d at 587).
DILLON, J.P., CHAMBERS, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court